PACIFIC NORTHWEST BELL TELE-
PHONE COMPANY, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Civ. No. 760-73C2.

United States District Court,
W. D. Washington.

July 9, 1974.

Donald J. Hagen, Schweppe, Doolittle, Krug, Tausend, Beezer & Beierle, Seattle, Wash., for plaintiff.

Stan Pitkin, U. S. Atty., Thomas Russell, Asst. U. S. Atty., Seattle, Wash., William E. Gwatkin, III, Atty. in charge, West Coast Office, Admiralty and Shipping Section, Richard J. Beaver, Atty., Admiralty and Shipping Section, U. S. Dept. of Justice, San Francisco, Cal., for defendant.

ORDER GRANTING PLAINTIFF'S
FIRST PARTIAL SUMMARY
JUDGMENT MOTION

BEEKS, District Judge.

1. *Procedural.* This matter came on regularly for hearing on June 20, 1974, upon the motion of plaintiff, Pacific Northwest Bell Telephone Company, for partial summary judgment against defendant, United States of America, pursuant to Federal Rule of Civil Procedure 56(a) on the legal question raised by de-

fendant's Second Defense as set forth in its answer. Plaintiff was represented in Court by two of its attorneys, Donald J. Hagen and David G. Knibb, of Schweppe, Doolittle, Krug, Tausend, Beezer & Beierle. Defendant was represented in Court by one of its attorneys, Richard J. Beaver, of the Admiralty and Shipping Section, U. S. Department of Justice.

2. *Admitted Facts.* No genuine issue of material fact exists. The admitted facts material to this motion as presented to the Court and summarized herein from the pleadings show that Pacific Northwest Bell Telephone Company (hereafter called "PNB") obtained a permit on April 12, 1965, from the Seattle District of the U. S. Army Corps of Engineers, pursuant to 33 U.S.C. § 403 to lay a submarine telephone cable in navigable waters under Lake Washington. A true and correct copy of this permit was admitted into evidence without objection as Exhibit "3". PNB's cable was laid and spliced by approximately May 1, 1965. While engaged in setting buoys for the 1972 Seafair Hydroplane Race, the U. S. Coast Guard Vessel FIR, as a part of its regular duties to ensure navigational safety, damaged PNB's cable with a buoy anchor on or about July 26, 1972. PNB alleges that this damage was caused by defendant's negligence. Clause (g) in the 1965 permit stated:

> That the United States shall in no case be liable for any damage or injury to the structure or work herein authorized which may be caused by or result from future operations undertaken by the Government for the conservation or improvement of navigation, or for other purposes, and no claim or right to compensation shall accrue from any such damage.

PNB's timely claim to the Coast Guard for damages to its cable was denied September 7, 1973, on the basis of Clause (g), and this clause is now pleaded by the United States as its Second Defense.

3. *Issue.* The question presented is whether Clause (g) in the 1965 permit immunizes the United States from liability for the alleged negligence of the U. S. Coast Guard in causing damage to PNB's cable.

4. *Conclusions.* Clause (g) is invalid both under the Public Vessels Act, 46 U.S.C. § 781, and under the 1960 amendments to the Suits in Admiralty Act, 46 U.S.C. § 742, which were designed to subject the United States to maritime tort liability to the same extent as a private person. DeBardeleben Marine Corp. v. United States, 451 F.2d 140, 145 (5th Cir. 1971). Clause (g) was promulgated by regulation. 33 C. F.R. § 209–130(c)(2)(vii). A regulation beyond the scope of, or in conflict with, statutory authority is invalid. Manhattan General Equipment Co. v. Commissioner of Internal Revenue, 297 U.S. 129, 134, 56 S.Ct. 397, 80 L.Ed. 528 (1936).

Boston Edison v. Great Lakes Dredge and Dock Co., 423 F.2d 891 (1st Cir. 1970) relied upon by the Government to uphold Clause (g) is inapplicable because it did not consider the effect of these 1960 amendments to the Suits in Admiralty Act upon the government's claim of sovereign immunity (based in that case, as here, upon a permit clause). The government's dominant navigational servitude, see United States v. Virginia Electric Co., 365 U.S. 624, 627–628, 81 S.Ct. 784, 5 L.Ed.2d 838 (1961) similarly does not immunize the government from liability for negligent performance of a statutory duty. Compare Greenleaf-Johnson Lumber Co. v. Garrison, 237 U.S. 251, 35 S.Ct. 551, 59 L.Ed. 939 (1915) with Indian Towing Co. v. United States, 350 U.S. 61, 76 S. Ct. 122, 100 L.Ed. 48 (1955).

5. *Order.* Based upon the foregoing it is hereby ORDERED that:

Defendant's Second Defense, based upon Clause (g) in the 1965 permit, is dismissed.